# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| JAMES COOK, *et al.*,<br>    Plaintiffs,<br><br>    v.<br><br>ARCH INSURANCE COMPANY, *et al.*,<br>    Defendants. | CV 20-02612 TJH (RAOx)<br><br><br><br>Order |

The Court has considered the motion of Plaintiffs James Cook and Steven York to remand, together with the moving and opposing papers.

In 2015, Cook retained York, an attorney, to represent him in a personal injury lawsuit. Based on errors made by York in 2017 and 2018, Cook's personal injury claims became barred by the statute of limitations. Consequently, York advised Cook to settle his personal injury claims.

On May 1, 2018, Defendant Arch Insurance Company ["Arch"], a citizen of Missouri and New Jersey, issued an errors and omissions liability insurance policy to York.

In March, 2019, Cook filed a malpractice action against York. York, then, tendered a malpractice insurance claim to Arch. On April 19, 2019, Defendant Gloria

1    Ha, a California-based claims adjuster for Arch, sent York a letter denying coverage
2    under the policy.  Apparently, because he had no insurance coverage, York did not
3    respond to the malpractice complaint.  Consequently, on February 5, 2020, a
4    $3,900,000.00 default judgment was entered against York.  Thereafter, Arch changed
5    its position regarding coverage, but its attempts to vacate the default judgment against
6    York were unsuccessful.  To settle Cook's malpractice judgment, York assigned to
7    Cook his claims against Arch for breach of contract and bad faith, with Cook reserving
8    only his right to seek recovery from Arch for emotional distress and punitive damages.

9        On February 13, 2020, Cook and York filed this action against Arch and Ha in
10   the Los Angeles Superior Court, alleging the following claims: (1) Breach of contract,
11   against Arch; (2) Breach of the covenant of good faith and fair dealing, against Arch;
12   and (3) Negligence, against Arch and Ha.

13       On March 19, 2020, Arch removed on the basis of diversity jurisdiction.  While
14   Cook, York and Ha are all citizens of California, Arch asserted in its notice of removal
15   that Ha was a sham defendant because a valid cause of action was not asserted against
16   her.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  While
17   California does recognize a negligent misrepresentation cause of action against claims
18   adjusters, *see Bock v. Hansen*, 225 Cal. App. 4th 215, 231 (2014), it does not
19   recognize a cause of action for general negligence against claims adjusters, *see Sanchez*
20   *v. Lindsey Modern Claims Servs., Inc.*, 72 Cal. App. 4th 249, 253 (1999).  In their
21   state court complaint, Cook and York asserted only a general negligence cause of action
22   against Ha.

23       On March 26, 2020, Cook and York filed a First Amended Complaint ["FAC"],
24   here, which alleged a negligent misrepresentation claim against Ha in place of the
25   general negligence claim.

26       Cook and York, now, move to remand, arguing that the complete diversity does
27   not exist because Ha is a citizen of California.  Cook and York, also, seek attorneys'
28   fees for the time expended on the motion to remand.

Diversity jurisdiction is determined as of the date of the notice of removal. *Strotek Corp v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 1131-1132 (9th Cir. 2002). Because Ha was a sham defendant at the time of removal, her California citizenship did not defeat diversity. *See Ritchey*, 139 F.3d at 1318. Accordingly, removal was proper. Therefore, Cook and York are not entitled to attorneys' fees. *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

However, after removal, Cook and York amended their complaint to allege, *inter alia*, a negligent misrepresentation claim against Ha. Based on the amendment, complete diversity no longer exists. Consequently, remand is, now, appropriate. *See* 28 U.S.C. § 1447(e).

Accordingly,

It is Ordered that the motion to remand be, and hereby is, Granted.

It is further Ordered that the request for attorneys' fees be, and hereby is, Denied.

Date: July 6 , 2020

Terry J. Hatter, Jr.
Senior United States District Judge